CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 22 2018

JULIA C. DUDLEY, CLERK
BY: /s/ H. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CHRISTIAN F. LOCKLEY | ) | |
| | ) | Civil Action No. 3:18CV00068 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| DAVID M. BARREDO, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Christian F. Lockley, proceeding pro se, commenced this action by filing a form complaint against Judge David M. Barredo, the Charlottesville Juvenile and Domestic Relations District Court ("J&DR Court"), and the Virginia Department of Social Services' Division of Child Support Enforcement ("DCSE"). The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

Lockley alleges that he appeared in J&DR Court on August 15, 2018. At that time, Lockley was "detained for failure to appear on June 14, 2018," and he "had to pay over $500 to get bonded out of jail." Compl. 4, Docket No. 2. Lockley alleges that he attempted to explain to Judge Barredo "that the state cannot interfere with the parenting of a child," but the judge denied all of his motions and prevented him from speaking. Id. at 5. As a result, Lockley claims that he was "unlawfully detained" and deprived of his "freedom to speak in defense of [him]self," and that

Judge Barredo evinced "no concern about the child in this case." Id. Lockley seeks to recover $700,000 in monetary damages for the alleged violations of his "First Amendment right" and his "equal rights." Id. at 2, 6. He also requests that a "different judge" be appointed in the case before the J&DR Court. Id. at 6.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Because Lockley characterizes his action as one for violations of his federal constitutional rights, the court construes the complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person" who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42

2

U.S.C. § 1983. For the following reasons, the court concludes that the plaintiff's complaint fails to state a plausible claim under § 1983 against any of the named defendants.

### I. Claims against Judge Barredo

Under existing precedent, "judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). By statute, judicial immunity extends not only to claims for damages but also to requests for injunctive relief. See 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); see also Lepelletier v. Tran, 633 F. App'x 126, 127 (4th Cir. 2016) (holding that the plaintiff's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"). The Supreme Court has explained that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted).

In this case, it is clear from the complaint that Lockley's claims against Judge Barredo are based on the judge's judicial acts. All of Lockley's specific factual allegations relate to rulings made by Judge Barredo in a case pending before him in the JD&R Court. Moreover, the complaint is devoid of any allegations suggesting that Judge Barredo "acted in the clear absence of all jurisdiction." Id. Under Virginia law, Judge Barredo and other judges of the J&DR Court

3

have jurisdiction to adjudicate matters involving the custody, visitation, support, control or disposition of a child. Va. Code § 16.1-241. Even if Judge Barredo somehow erred in exercising his judicial authority, he is still entitled to absolute immunity. See King, 973 F.2d at 357 (emphasizing that "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors'") (quoting Stump, 435 U.S. at 359). Accordingly, the claims against Judge Barredo must be dismissed.

## II. Claims against the JD&R Court and the DCSE

Lockley also names the JD&R Court and the DCSE as defendants. It is well settled that a state court is not a "person" subject to suit under § 1983. See Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995) (observing that "this and other circuit courts have held that a state court is not a 'person' under [§] 1983") (collecting cases); see also Olivia v. Boyer, 163 F.3d 599 (4th Cir. 1998) (unpublished table opinion) (concluding that "the Defendant court system is not a person" for purposes of § 1983). The same is true for state agencies. See Manning v. South Carolina Dep't of Highway & Pub. Transp., 914 F.2d 44, 48 (4th Cir. 1990) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)). "As the Virginia Department of Social Services, Division of Child Support Enforcement is certainly a state agency, it is not a 'person' subject to suit under 42 U.S.C. § 1983." Terry of the Family Parks v. Commonwealth Dep't of Soc. Servs. Child Support Enforcement Servs., No. 1:16-cv-00568, 2016 U.S. Dist. LEXIS 109200, at *10 (E.D. Va. Aug. 17, 2016), aff'd, 672 F. App'x 281 (4th Cir. 2016). Accordingly, Lockley's claims against the JD&R Court and the DCSE are also subject to dismissal.

4

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, his complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs.

DATED: This 22nd day of August, 2018.

_____
Senior United States District Judge